IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02171-GPG

YVONNE PETERSON,
LETECIA STAUCH,
CHRISTINA MARTINEZ,
ROXEANNE DELTE, and
STACIE JORDAN,

    Plaintiffs,

v.

ELIZABETH O'NEIL, for Classifications Department,

    Defendant.

## ORDER OF DISMISSAL

Plaintiffs are five pretrial detainees at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Plaintiffs initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). Only two Plaintiffs, Yvonne Peterson and Letecia Stauch, signed the Prisoner Complaint and the Prisoner Complaint does not include factual allegations pertinent to all five Plaintiffs. In addition, the filing fee for this action was not paid and no Plaintiff filed a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On August 24, 2022, Magistrate Judge Gordon P. Gallagher ordered Plaintiffs to cure certain deficiencies if they wish to pursue their claims in this action. Plaintiffs specifically were directed to file an amended pleading that is signed by each Plaintiff using the District of Colorado Prisoner Complaint form. Plaintiffs also were directed to pay filing and administrative fees totaling $402.00 or to file individual motions seeking

leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 supported by a certified copy of their inmate trust fund account statement and a signed authorization to calculate and disburse filing fee payments. Plaintiffs were warned that any Plaintiff who failed to cure the deficiencies within thirty days would be dismissed as a party to this action.

On September 6, 2022, Yvonne Peterson filed in this action a document signed only by herself captioned "More Definite Statement Pursuant to Rule 12" (ECF No. 5).

On September 7, 2022, the copy of Magistrate Judge Gallagher's Order Directing Plaintiffs to Cure Deficiencies (ECF No. 3) that was mailed to Roxeanne Delte was returned to the Court undelivered. The returned envelope indicates the mail was returned because it was missing the inmate's full name and/or inmate number. (*See* ECF No. 6.) Other mail sent to Roxeanne Delte also has been returned to the Court undelivered for the same reason. (*See* ECF Nos. 4 & 7.) There is no inmate number listed for Roxeanne Delte in the Prisoner Complaint.

Plaintiffs have not cured the deficiencies within the time allowed. Plaintiffs have not filed an amended pleading signed by each Plaintiff; the filing fee has not been paid; and no Plaintiff has filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Therefore, the action will be dismissed without prejudice for failure to prosecute and cure the deficiencies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962).

If any Plaintiff files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 1) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to prosecute and cure the deficiencies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __3rd__ day of ____October____, 2022.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court